**In re EAGLE–PICHER INDUSTRIES, INC., et al., Debtor(s).**

Bankruptcy No. 1–91–00100.

United States Bankruptcy Court, S.D. Ohio, W.D.

Nov. 25, 1991.

See also 134 B.R. 248.

James A. Ralston, Gen. Counsel, Cincinnati, Ohio, Stephen Karotkin, Weil, Gotshal & Manges, New York City, Edmund J. Adams, Frost & Jacobs, Cincinnati, Ohio, for debtors.

Neal J. Weill, Office of the U.S. Trustee, Cincinnati, Ohio.

Carolyn J. Buller, G. Christopher Meyer, Squire, Sanders & Dempsey, Cleveland, Ohio, for Unsecured Creditors' Committee.

Kevin E. Irwin, Keating, Muething & Klekamp, Robert E. Sweeney, Robert E. Sweeney Co., L.P.A., Cleveland, Ohio, Paul T. Gillenwater, Gillenwater, Nichol & Ames, Knoxville, Tenn., Richard S. Glasser, Glasser and Glasser, Norfolk, Va., Thomas W. Henderson, Henderson & Goldberg, P.C., Pittsburgh, Pa., Leonard C. Jaques, The Maritime Asbestos Legal Clinic, Detroit, Mich., Gene Locks, Greitzer and Locks, Philadelphia, Pa., Robert B. Steinberg, Rose, Klein & Marias, Los Angeles, Cal., Michael P. Thornton, Thornton & Ear-

ly, Boston, Mass., Charles F. Vihon, Much Shelist Freed Denenberg & Ament, P.C., Chicago, Ill., Harry F. Wartnick, Cartwright, Slobodin, Bokelman, Borowsky, Wartnick, Moore & Harris, Inc., San Francisco, Cal., for Injury Claimants' Committee.

Claude D. Montgomery, Milgrim Thomajan & Lee, P.C., New York City, Irving Harris, Harris, Harris & Field, Cincinnati, Ohio, for Equity Security Holders' Committee.

James McMonagle, Cleveland, Ohio, for Future Claimants.

William T. Hayden, Cohen, Todd, Kite & Stanford, Cincinnati, Ohio, for the Co-Defendants of the debtors in asbestos personal injury lawsuits.

Peter L. Harris, Chicago, Ill., Michael A. Berman, Office of the Gen. Counsel, Washington, D.C., Securities and Exchange Commission.

Daniel M. Katlein, Dickinson, Wright, Moon, VanDusen & Freeman, Detroit, Mich., for NBD Bank, N.A.

## ORDER DEFINING FUTURE CLAIMANTS

BURTON PERLMAN, Chief Judge.

In these consolidated Chapter 11 cases, the U.S. Trustee filed a Motion for the Appointment of a Legal Representative for Future Claimants. By that motion all that was sought was authority to appoint such a person. (Subsequently, the U.S. Trustee filed a further motion to appoint James J.G. McMonagle as such representative, and by order entered October 31, 1991 that motion was granted.) There remained, however, an open question from the earlier motion. In responding to that earlier motion, the debtor and the several committees expressed differing views as to the proper scope of "future claimants" to be represented by the representative.

The U.S. Trustee in his motion suggested a definition of "future claimants" as "those persons or entities who, on or before January 7, 1991, [the filing date of the consolidated cases] came in contact with asbestos or asbestos containing products mined, fabricated, manufactured, supplied, or sold by Eagle–Picher and who have not yet filed claims against Eagle–Picher for personal injury or property damage or who may be unaware of their entitlement to recourse against Eagle–Picher now or in the future." Salient features of this formulation are the limitation to claimants on account of illness arising only from contact with asbestos or asbestos containing products; exposure prior to the filing date; and the limitation to claimants who have not yet filed claims.

Debtors seek to modify the formulation of the U.S. Trustee by expanding it to include future claimants whose injuries or damages arise from lead and silica as well as asbestos. Their definition includes also the specification that future claimants be presently unaware that they have a personal injury or property damage claim, but will have such a claim in the future. It excludes from future claimants those who have commenced a judicial, administrative or other action or proceeding against any of the debtors asserting an asbestos related personal injury claim or property damage claim; have had their names furnished to debtors in response to the order of this court; those listed on debtors' schedules; and those who have been diagnosed by a physician as having an asbestos related disease or condition.

A major difference in debtors' formulation from that of the U.S. Trustee has to do with claims which arise subsequent to the filing date because of exposure after the filing date to products which emanated from debtors. Since such claims can arise, clearly the limitation to exposure prior to the filing date is inadequate. Further, debtors essentially seek to define future claimants by a process of exclusion from the class. Thus, debtors' technique is to state the entire universe of possible claimants, those who have been exposed to or will be exposed to injury causing materials, and subtracting from that universe certain groups. Those groups are (1) those who have already taken action before some tribunal, (2) are known to debtors, (3) have been diagnosed by a physician. In their

formulation, debtors have not specified the cutoff date by which legal action, knowledge of claimant by debtors, or diagnosis must have occurred. In other encounters with the court, however, debtors have indicated that this date should be the filing date.

The Injury Claimants' Committee ("ICC") takes issue with the "diagnosis" element in the debtors' formulation. The ICC does agree with debtors that there should be excluded from "future claimants" those who have already taken legal action against debtors by suit, filing a claim, or making written demand, or who are known to debtors. The ICC also disagrees with debtors as to the appropriate cutoff date, urging that confirmation should be the cutoff date between present and future claimants.

In a memorandum filed subsequent to a hearing on the motion, the ICC rejects debtors' offer to delete from their definition the limitation that a future claimant be unaware that he or she has a claim. The ICC believes that in the event that a bar date for present claimants was established, one diagnosed shortly before the bar date would suffer hardship because it is unlikely that a claim could be filed in time. This argument is unfocused, for it goes not to the proposed deletion but rather to the diagnosis limitation coupled with a putative bar date. The further argument contained in the subsequent filing also appears to be directed at the establishment of a bar date rather than the question of definition. The ICC calls our attention to substantial authority which establishes that there can be separate causes of action for, first, an asbestos related disease, and, second, a malignancy resulting from the disease. The ICC fears that settlement of the first claim, and failure to file a proof of claim would bar that claimant from asserting a future claim.

The Equity Security Holders' Committee filed a response in which they object to extension of the representation by the future claimants' representative for those injured by exposure to anything other than asbestos.

There are three elements put into contention by the actors here. First is the question of whether the future claimants' representative should represent those with other than asbestos related claims. Second, should diagnosis without legal action or notice to debtors exclude a claimant from being classified as a future claimant. Third, whether the cutoff date between present and future claimants constituencies should be (a) the filing date of the bankruptcy cases, or (b) date of confirmation of a plan.

■ An appropriate way to go about resolving the present questions is to consider the statutory definition of claim. "Claim" is defined at 11 U.S.C. Section 101(5), for present purposes as meaning:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured;

This definition suggests that future claimants ought to be those who will have a right to payment in the future, but do not have one now.

■ Furthermore, the cutoff date for future claimants must be the filing date of the bankruptcy cases. It is at the filing date that future claimants separate from present claimants, however the latter may be defined. The reason for this is that present claimants will be voting on confirmation. Obviously, the class of present claimants must be determined by reference to a date earlier than confirmation, so that the class may vote on confirmation.

■ As to the point of whether claims arising from lead and silica exposure should be included in the universe as well as those arising from exposure to asbestos, we see no reason not to include them. The present indication is that this will not divert the future claimants' representative unduly. Should the interests of these claimants be of greater magnitude than is presently indicated, or if their interests should diverge from those of asbestos claimants,

appropriate action can be taken in the future.

Utilizing our foregoing reasoning we reach the following formulation to set the boundaries for "future claimants":

Those persons or entities who have been exposed to or in the future will be exposed to asbestos or asbestos containing products mined, fabricated, manufactured, supplied or sold by debtors, who have been exposed to or in the future will be exposed to lead containing chemicals manufactured or supplied by debtors, or who have been exposed or in the future will be exposed to products containing silica manufactured or supplied by debtors, who as of the filing date of these bankruptcy cases, January 7, 1991, did not yet have a right to payment from debtors on account of such exposure, but had or will have such right thereafter.

This formulation obviates the need to deal with debtors' proposal as to exclusions from future claimants of certain claimants, a formulation with which the Injury Claimants' Committee has taken issue. Such exclusions in any case deal not with reaching a conclusion about future claimants, but rather to issues relating to present claims.

So Ordered.